

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**LAWRENCE S. HAN**
(516) 357-3148
lawrence.han@rivkin.com

March 18, 2024

**VIA ECF**

Hon. Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Colak v. Innasense Designs, Inc.*
          Civil Action No. 23-cv-09002-ARR-AYS
          RR File No.:  014213.00001

Dear Honorable Allyne Ross:

      This office represents Defendant Innasense Designs, Inc. ("Defendant") in the above-mentioned lawsuit.  We write to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

      The putative class action complaint filed by Plaintiff Ali Colak ("Plaintiff") alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act and the New York City Human Rights Law.  While Defendant does not admit liability, we have reached an early settlement with Plaintiff, individually, in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion.

      The Consent Decree, which has been fashioned as a reasonable solution of Plaintiff's claims, "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction; (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986); *Crosson v. Popsockets LLC*, No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017); s*ee also, Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE 16) (applying the above standard in a similar Americans with Disabilities Act claim to approve a consent decree in an action between private parties).  Additionally, the Consent Decree is designed to serve as a shield for

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925 F 904.467.3461

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

Hon. Allyne R. Ross
March **, 2024
Page 2

Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being presently addressed and resolved pursuant to this settlement.

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above. If your Honor would prefer to review the parties' settlement agreement in advance of providing judicial approval of the Consent Decree, a copy of the settlement agreement can be provided to the Court for *in camera* review. Alternatively, should same be necessary and directed by your Honor, Defendant will seek to submit the settlement agreement under seal for judicial approval.

Thank you for your attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

Lawrence S. Han

LSH
Enc.

4854-7492-6759, v. 2